FILED
7/6/23 2:53 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Case No. 22-10434-GLT |
| **KEITH A. PIERCE**, | : | Chapter 13 |
| *Debtor.* | : | |
| **KEITH A. PIERCE**, | : | |
| *Movant*, | : | Related to Dkt. Nos. 62, 64, 69, 70, 90, 92 and 100. |
| v. | : | |
| **PNC BANK, NATIONAL ASSOCIATION**, | : | |
| *Respondent.* | : | |

## MEMORANDUM OPINION

An old proverb states that you cannot have your cake and eat it too. Yet the Debtor, Keith A. Pierce, objects to two claims asserted by PNC Bank, National Association arguing that both are time-barred by the statute of limitations despite expressly promising to pay those debts in a chapter 13 plan confirmed roughly two years ago. PNC Bank asserts the Debtor tolled the statute of limitations by acknowledging the debt in several recent events where it benefitted him to do so. As it would be inherently unfair for the Court to allow Mr. Pierce to take such inconsistent positions on his promise to pay creditors, both objections must be overruled.

**I. BACKGROUND**

Mr. Pierce and his wife filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code in 2019 ("the 2019 Case").[1] During the 2019 Case, the Court confirmed the

---

[1] See *Voluntary Petition for Individuals Filing for Bankruptcy*, Case No. 19-10970-TPA, Dkt. No. 1. Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection

Pierces' chapter 13 plan ("the 2019 Plan") on September 29, 2020.[2] In Section 3.3 of the 2019 Plan, the Pierces provided that PNC's secured claims against their properties at 1748 Clifford Drive and 1352 W. 10th Street in Erie, Pennsylvania would "be paid in full under the plan with interest[.]"[3] The Pierces further committed to sell the 10th Street property in the 2019 Plan with the associated secured claim paid at closing.[4] Though PNC Bank protested the lack of a sale deadline, its objection to confirmation was apparently overruled.[5] Nevertheless, the 2019 Case was dismissed a month later because the Pierces failed to make monthly payments or generate any firm sale offers for the property.[6]

Mr. Pierce commenced his current chapter 13 case on September 26, 2022 ("the 2022 Case").[7] PNC filed two claims against the estate. Claim No. 6 reflects an unsecured claim of $36,613.36 arising from the mortgage on the 10th Street property.[8] By contrast, Claim No. 8 asserts a secured claim of $56,896.06 arising from a mortgage lien on the Clifford Drive property.[9]

Mr. Pierce objects to both claims, arguing that they are time-barred by a four-year statute of limitations under Pennsylvania law.[10] PNC counters that both claims remain enforceable

---

Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, *et seq.* All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

[2] See *Plan Confirmation Order*, Case No. 19-10970-TPA, Dkt. No. 68; *Chapter 13 Plan*, Case No. 19-10970-TPA, Dkt. No. 13;

[3] *Chapter 13 Plan*, Case No. 19-10970-TPA, Dkt. No. 13 at 3.

[4] Id.

[5] See *Objection of PNC Bank, Nation Association to Confirmation of the Plan (Docket No, 13)*, Case No. 19-10970-TPA, Dkt. No. 26.

[6] See *Order Dismissing Case Without Prejudice and Terminating Wage Attachment*, Case No. 19-10970-TPA, Dkt. No. 72; see also *Audio Recording of October 14, 2020 Hearing* at 1:26:14-1:26:50 p.m.

[7] See *Voluntary Petition for Individuals Filing for Bankruptcy*, Dkt. No. 1.

[8] See *Claim No. 6*, Claims Register. For reasons not explained in the record, PNC released the mortgage on the 10th Street property in September 2022. The circumstances of the release are not germane to the outcome of this opinion. See *Response to Objection to Claim No. 6, Exhibit A*, Dkt. No. 69.

[9] See *Claim No. 8*, Claims Register.

[10] See *Objection to Claim*, Dkt. No. 62; *Objection to Claim*, Dkt. No. 64.

because the limitations period was tolled by Mr. Pierce's subsequent acknowledgement of liability. Specifically, PNC contends Mr. Pierce acknowledged its debt through the 2019 Plan and through several actions taken in 2022, including his request for a short sale, his application for hardship assistance, and the provisions of his 2022 plan.[11] Mr. Pierce denies that any of these events constitute an "acknowledgement" under state law to toll the applicable limitations period.[12]

At the hearing on the claims objections, the parties agreed that the applicable statute of limitations for both claims is four years.[13] The parties also agreed that Mr. Pierce did not make any payments on the two loans in the four years before he filed the 2022 Case.[14] Following the hearing, Mr. Pierce submitted additional briefing in support of his position.[15]

## II.    JURISDICTION

This Court has authority to exercise jurisdiction over the subject matter and the parties under 28 U.S.C. §§ 157(a), 1334, and the Order of Reference entered by the United States District Court for the Western District of Pennsylvania on October 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## III.   DISCUSSION

Under Pennsylvania law, instruments that are not executed under seal are subject to a four-year statute of limitations.[16] But through the "acknowledgement doctrine," the

---

[11] See *Audio Recording of May 25, 2023 Hearing* at 2:22:02-2:22:30 p.m.; *Response to Objection to Claim No. 6*, Dkt. No. 69 at ¶¶ 14, 16; *Response to Objection to Claim No. 8*, Dkt. No. 70 at ¶¶ 14, 16; B*rief in Support of PNC Bank's Responses to Objection to Claim Nos. 6 and 8*, Dkt. 92.

[12] See *Brief in Support of Objections to Claims*, Dkt. No. 90.

[13] *Audio Recording of May 25, 2023 Hearing* at 2:02:16-2:02:50 p.m.

[14] *Audio Recording of May 25, 2023 Hearing* at 2:02:55-2:03:38 p.m.

[15] *Supplemental Brief in Support of Objections to Claims*, Dkt. No. 100.

[16] 42 Pa.C.S. § 5525(a); Osprey Portfolio, LLC v. Izett, 620 Pa. 274, 279, 67 A.3d 749, 752–53 (2013) (quoting Twp. of Indiana v. Acquisitions & Mergers, Inc., 770 A.2d 364, 376 (Pa. Commw. Ct. 2001)).

3

limitations period may be tolled and the obligation remains enforceable if the borrower makes a renewed promise to pay the debt.[17] To acknowledge a debt, the obligor must make "a clear, distinct and unequivocal acknowledgement of a debt as an existing obligation . . . consistent with a promise to pay."[18] There is no clearer acknowledgement of a debt than payment.[19] Even so, the parties agree that Mr. Pierce did not make a payment on either claim in the four years preceding the filing of the 2022 Case.

The question presented here is whether Mr. Pierce acknowledged the debts owed to PNC, thereby reinstating the claims. From the Court's perspective, as long as one of the documents referenced by PNC tolled the statute of limitations long enough that it had not expired before the petition date in the 2022 Case, the claim objections are not meritorious. The earliest referenced document that could have tolled the statute of limitations through the 2022 petition date is the 2019 Plan.[20] In the 2019 Plan, the Pierces promised to pay both PNC claims in full with interest. Because a confirmed plan becomes a binding contract between the debtor and his creditors,[21] the 2019 Plan presents as an unequivocal acknowledgement of the PNC debt as an existing obligation sufficient to toll the statute of limitations.

In fact, judicial estoppel seemingly prevents Mr. Pierce from arguing otherwise. The doctrine of judicial estoppel exists to "uphold the integrity of the courts by preventing parties

---

[17]    Huntingdon Finance Corp. v. Newtown Artesian Water Co., 442 Pa. Super. 406, 410, 659 A.2d 1052, 1054 (1995).

[18]    Id.

[19]    Id.

[20]    The Court can appreciate that PNC prefers a more recent acknowledgement. But, as long as the statute of limitations did not expire prior to petition date in the current case, the Court need not examine the impact of any subsequent events.

[21]    In re Szostek, 886 F.2d 1405, 1408 (3d Cir. 1989).

4

from abusing the judicial process by changing positions as the moment requires."[22] Although there is no rigid test in the Third Circuit, "three factors inform a federal court's decision whether to apply [the doctrine]: there must be (1) 'irreconcilably inconsistent positions;' (2) 'adopted ... in bad faith;' and (3) 'a showing that ... estoppel ... address[es] the harm and ... no lesser sanction [is] sufficient.'"[23]

The differing positions taken by the Debtor in the 2019 Case and the 2022 Case are plainly inconsistent. In the first, the Pierces included the debts owed to PNC in their plan and promised to pay those debts. In other words, they recognized the obligations as valid, collectable debts. The Court accepted that representation as sufficient to confirm the plan over PNC Bank's objection, affording the Pierces a degree of finality. Now, in the 2022 Case, Mr. Pierce wants the Court to proceed as if he never made a commitment to pay the debts in the 2019 Case simply because the case was dismissed.[24]

Mr. Pierce's argument relies on a tortured interpretation of *Rubin v. Kanya*,[25] a recent Pennsylvania Superior Court case that addresses whether a confirmed plan constitutes an acknowledgement. There, Rubin loaned Kanya $350,000 to purchase property and received a

---

[22]   In re Butko, 584 B.R. 97, 105 (Bankr. W.D. Pa. 2018) (citing In re Adoption of S.A.J., 575 Pa. 624, 838 A.2d 616, 621 (2003)).

[23]   G-I Holdings, Inc. v. Reliance Ins. Co., 586 F.3d 247, 262 (3d Cir. 2009), as amended (Dec. 4, 2009) (quoting Chao v. Roy's Constr., Inc., 517 F.3d 180, 186 n. 5 (3d Cir. 2008)).

[24]   Mr. Pierce's supplemental brief consists of a single statement positing that Wells Fargo Bank, N.A. v. Oparaji (In re Oparaji), 698 F.3d 231 (5th Cir. 2012), supports the inapplicability of "judicial estoppel to a party for assertions in a dismissed case." *Supplemental Brief in Support of Objections to Claims*, Dkt. No. 100 at 1. The Court disagrees. Judicial estoppel did not apply in that case because the creditor's positions in the prior dismissed case and current case were not legally inconsistent. In re Oparaji, 698 F.3d at 237. Notably, the Fifth Circuit also observed that it would be inequitable to hold *the creditor* to a prior position when the debtor's plan default caused dismissal and terminated the bargain. Id. at 238. In sum, In re Oparaji is wholly inapposite.

[25]   Rubin v. Kanya, 276 A.3d 208, 2022 WL 600013, at *1 (Pa. Super. Ct. 2022), reargument denied (May 3, 2022).

mortgage lien against the property to secure the loan.[26] Kanya defaulted on the loan in 1990, but later filed for bankruptcy relief.[27] In July 2011, the bankruptcy court confirmed a plan of reorganization in which Kanya promised to repay a portion of Rubin's loan and arrearages.[28] The trial court held the claim was time barred and measured the limitations period from the 1990 default without consideration of the confirmed plan in 2011.[29] The Superior Court reversed and found the trial court erred because a "[a]lthough a confirmed plan is a judgment rendered by a federal court, the Chapter 11 plan itself is essentially a contract between a debtor and the creditors of the bankruptcy estate."[30] In other words, the plan served as an acknowledgement of the debts. *Rubin* was then remanded for a new trial to determine when or if a post-confirmation default occurred.[31]

Frankly, Mr. Pierce's argument is difficult to follow. He uses *Rubin* to suggest that confirmation alone does not constitute an acknowledgement without a "new" post-confirmation default to restart the statute of limitations.[32] Since it is undisputed that Mr. Pierce is currently in default, the Court cannot discern how this supports his position. Perhaps he is relying on the lack of a plan default before the 2019 Case was dismissed, or maybe that the "old" default was not "new" without an intervening payment. Either way, Mr. Pierce misses the point: although a default marks when the statute of limitations begins to run, a confirmation order is an acknowledgement that the statute did not start before the confirmation date. Here, the statute of limitations for PNC's claims began to run on the first default to occur after September 29, 2020, the date the 2019 Plan

---

[26] Id.
[27] Id.
[28] Id.
[29] Id.
[30] Id. at *5 (quoting In re Westport Holdings Tampa, Ltd. P'ship, 614 B.R. 918, 921-2 (Bankr. M.D. Fla. 2020).
[31] Id. at *6.
[32] See *Brief in Support of Objections to Claims*, Dkt. No. 90 at 7.

6

was confirmed. And because Mr. Pierce filed the 2022 Case less than four years after the confirmation date, the PNC claims are not time barred.

In one last try, Mr. Pierce argues that plan confirmation is not an acknowledgement because section 349[33] eradicates the 2019 Plan since the case was dismissed.[34] Admittedly, a chapter 13 plan is no longer enforceable after dismissal. But while section 349 may undo certain judicial determinations made during a dismissed bankruptcy case, including "any order, judgment, or transfer … under section 522(i)(1), 542, 550, or 553 of this title[,]"[35] nothing in the statute nullifies a debtor's acknowledgement of a debt.[36] Indeed, the act of acknowledgement has independent legal significance apart from the means by which it was communicated.

IV.    CONCLUSION

In light of the foregoing, the Court must overrule *Objection to Claim (No. 6)* and *Objection to Claim (No. 8)*. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P 7052. The Court will issue a separate order consistent with this opinion.

ENTERED at Pittsburgh, Pennsylvania.

Dated: July 6, 2023

GREGORY L. TADDONIO
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[33]    11 U.S.C. § 349.

[34]    *Audio Recording of May 25, 2023 Hearing* at 2:14:46-2:15:10 p.m.

[35]    11 U.S.C. § 349(b)(2).

[36]    *Audio Recording of May 25, 2023 Hearing* at 2:19:50-2:21:32 p.m.

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-10434-GLT |
| Keith A. Pierce | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-1 | User: auto | Page 1 of 1 |
| Date Rcvd: Jul 06, 2023 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 08, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Keith A. Pierce, 1748 Clifford Dr., Erie, PA 16505-2806 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Jul 08, 2023 | Signature: | /s/Gustava Winters |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 6, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian Nicholas | on behalf of Creditor PNC BANK NATIONAL ASSOCIATION bnicholas@kmllawgroup.com |
| Maribeth Thomas | on behalf of Creditor PNC BANK NATIONAL ASSOCIATION mthomas@tuckerlaw.com, maribeth.thomas@gmail.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |
| Stephen H. Hutzelman | on behalf of Debtor Keith A. Pierce stephen@hh-legal.com  shutzelman@ecf.inforuptcy.com;ann@hh-legal.com |

TOTAL: 5